C-CALL CORPORATION, d/b/a Nextel Communications, Plaintiff-Appellee, v. THE ZONING BOARD OF APPEALS OF THE CITY OF EDWARDSVILLE, Defendant-Appellant.

Fifth District   No. 5—97—1036

Opinion filed September 18, 1998.

Debra J. Meadows, of Reed, Armstrong, Gorman, Coffey, Gilbert & Mudge, of Edwardsville, for appellant.

Michael A. Myers and Todd M. Turner, both of Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

This case requires our application of recently enacted section 704(a) of the federal Telecommunications Act of 1996 (TCA) (47 U.S.C.A. § 332(c)(7) (West Supp. 1997)) concerning state and local government authority to regulate and limit the construction of wireless communication services facilities. Specifically, defendant, the Zoning Board of Appeals of the City of Edwardsville (the Board), appeals

the Madison County circuit court's order reversing the Board's denial of a special-use-permit application submitted by plaintiff, C-Call Corporation, doing business as Nextel Communications (C-Call). We affirm.

On December 13, 1996, C-Call filed an application for a special-use permit with the Board, seeking permission for the construction of a cellular tower on land located at 214 South Brown Street in Edwardsville, property zoned as "light manufacturing." Following a January 27, 1997, public hearing, the Board denied the permit request in a letter dated February 14, 1997.

On March 10, 1997, C-Call filed its complaint for administrative review in Madison County circuit court, pursuant to section 704(a) of the TCA (47 U.S.C.A. § 332(c)(7)(B)(v) (West Supp. 1997)). The complaint sought both the reversal of the Board's decision and a mandatory injunction ordering the Board to issue a special-use permit. On October 16, 1997, the circuit court entered judgment in C-Call's favor, finding that the Board had violated section 704(a) of the TCA by unfairly discriminating against C-Call in denying the special-use permit and failing to base that decision on substantial evidence contained in a written record. See 47 U.S.C.A. §§ 332(c)(7)(B)(iii), (c)(7)(B)(i)(I) (West Supp. 1997). The circuit court's order further required that the Board conduct a hearing in compliance with the TCA. On October 28, 1997, C-Call filed a motion to modify judgment, requesting that the circuit court order the Board to issue a special-use permit for the construction of its proposed cellular tower. The circuit court subsequently granted this motion and modified its order accordingly. The Board now appeals this modified order.

■ Enacted in 1996, "[t]he TCA is expansive legislation designed primarily to increase competition in the telecommunications industry." *BellSouth Mobility, Inc. v. Gwinnett County*, 944 F. Supp. 923, 927 (N.D. Ga. 1996). This act is a congressional attempt to prevent local authorities from delaying wireless providers in the hearing process. *Sprint Spectrum L.P. v. Town of Easton*, 982 F. Supp. 47, 50 (D. Mass. 1997).

In order to accelerate the deployment of telecommunications technology, the TCA places certain substantive and procedural limitations upon the authority of state and local governments to regulate and limit the construction of wireless communication services facilities. *Virginia Metronet, Inc. v. Board of Supervisors*, 984 F. Supp. 966, 970 (E.D. Va. 1998). While the TCA does not completely preempt that state and local government authority, section 704(a) does impose limitations pertinent to the case before us:

"Preservation of local zoning authority

(A) General authority

Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.

(B) Limitations

(i) the regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof—

(I) shall not unreasonably discriminate among providers of functionally equivalent services ***.

\* \* \*

(iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." 47 U.S.C.A. § 332(c)(7) (West Supp. 1997).

Section 704(a) further provides that appeals of such government agency decisions may be taken to either the federal district court in which the facilities are located or a state court of competent jurisdiction. *BellSouth Mobility, Inc.*, 944 F. Supp. at 929. In this case, the Board's written decision references the applicable considerations provided in the City of Edwardsville's special-use-permit zoning ordinance:

"(d) *Requirements for Authorization*: No special use permit shall be granted by the Board unless the following factors have been considered and made part of the record:

(1) Existing uses and zoning of nearby property and relationship to Edwardsville's adopted Comprehensive Plan.

(2) Extent to which property value diminishes adjacent to the zoned parcels. Value decrease to be supplied by the petitioner and made by professional appraiser.

(3) Extent to which the proposed change alters or promotes the public health, safety, morals or general welfare.

(4) The relative gain to the public as compared to the hardship imposed upon the property owners, and there is a need for the proposed special use.

(5) The suitability of the subject property for the zoned purposes indicated by ordinance." City of Edwardsville Municipal Code § 1244.02.2 (amended February 6, 1996).

Addressing these factors, the Board determined that the proposed tower could adversely affect public health and safety, it would be inconsistent with the nearby property's existing use and zoning, it would

diminish the value of adjacent parcels, the relative public gain would not outweigh property owner hardship, and a need for special use was not demonstrated.

■ The dispositive issue in this appeal is whether that Board decision is based upon substantial evidence. Although the TCA does not define "substantial evidence," courts have interpreted the term in construing section 704(a). "Substantial evidence" is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *BellSouth Mobility, Inc.*, 944 F. Supp. at 928, quoting *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 477, 95 L. Ed. 456, 462, 71 S. Ct. 456, 459 (1951). It is evidence that is more than a scintilla but less than a preponderance. *Illinois RSA No. 3, Inc. v. County of Peoria*, 963 F. Supp. 732, 743 (C.D. Ill. 1997).

■ Based upon the record before us, we cannot say that the Board's decision is supported by substantial evidence.

The record reflects that, at the public hearing, a C-Call representative explained the specifications of the proposed cellular tower. The monopole structure would be 170 feet in height and would be enclosed in a fenced area of approximately 2,500 square feet. It could withstand one inch of ice and 100-mile-per-hour winds. Furthermore, the soil at the proposed site would be tested to ensure that it could hold a proper footing for the tower.

In response, the Board produced no evidence addressing C-Call's application. Instead, the record indicates that the only evidence in opposition to the application was testimony given by local objectors. That testimony merely expressed generalized concern about safety, decreasing property values, and aesthetics. Such testimony does not amount to the "substantial evidence" required by section 704(a) of the TCA. In confronting strikingly similar circumstances, the United States District Court for the Central District of Illinois held that generalized concern raised by objectors at a public hearing does not constitute substantial evidence:

> "The opposing evidence consisted of local property owners' objections based on health concerns, fears about diminished property values, and generalized concern that Plaintiff had not adequately investigated alternate sites. Under scrutiny, none of this evidence amounts to more than a scintilla of support for the County's final decision." *Illinois RSA No. 3, Inc.*, 963 F. Supp. at 744.

The fact remains that the record contains insufficient evidence with respect to the applicable ordinance factors to support the Board's denial of C-Call's special-use-permit application. We recognize that the City of Edwardsville's special-use-permit zoning ordinance seemingly

places the burden of proof on the applicant. However, the TCA shifts the burden of proof to the government agency that denied the siting request rather than requiring the applicant to produce substantial evidence supporting its approval. *Sprint Spectrum L.P.*, 982 F. Supp. at 49. Our review of the record fails to reveal the substantial evidence required to meet the Board's burden. Therefore, we conclude that the trial court was correct in finding that the Board's denial of C-Call's special-use-permit application was unsupported by substantial evidence in a written record.[1]

■ We now turn to the propriety of the circuit court's granting of a mandatory injunction ordering the Board to issue C-Call a special-use permit to construct the proposed cellular tower. We note that section 704(a) of the TCA requires that "[t]he court shall hear and decide such action on an expedited basis." 47 U.S.C.A. § 332(c)(7)(B)(v) (West Supp. 1997). Although the circuit court alternatively could have remanded the matter back to the Board for further hearing, such action "would frustrate the TCA's intent to provide aggrieved parties full relief on an expedited basis." *BellSouth Mobility Inc.*, 944 F. Supp. at 929. In failing to produce substantial evidence at the January 27, 1997, public hearing, the Board squandered its opportunity to meet its burden of proof under the TCA. We see no reason to further delay the resolution of this case against the TCA's intent. Thus, we conclude that the circuit court granted appropriate relief in this case.

Accordingly, the judgment of the Madison County circuit court is affirmed.

Affirmed.

HOPKINS and GOLDENHERSH, JJ., concur.

---

[1] Although our decision today need not address the issue of whether the Board's denial constitutes unreasonable discrimination in violation of section 704(a) of the TCA (47 U.S.C.A. § 332(c)(7)(B)(i)(I) (West Supp. 1997)), we note that the same safety concerns expressed by the Board could arguably apply to other permitted cellular tower sites.